**In the Matter of H.K. STRAMIN (U.S.A.), INC., Debtor.**

**H.K. STRAMIN (U.S.A.), INC., Plaintiff,**

v.

**Michael MORGAN, Defendant.**

**Bankruptcy No. 83 B 11233. Adv. No. 84 5037A.**

United States Bankruptcy Court, S.D. New York.

Aug. 14, 1984.

Melnicove, Kaufman, Weiner & Smouse, P.A., Baltimore, Md., for plaintiff.

Gaffin & Mayo, P.C., New York City, for defendant.

## DECISION AND ORDER ON MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT

EDWARD J. RYAN, Bankruptcy Judge.

On August 24, 1983, H.K. Stramin (U.S. A.), Inc. (Stramin) filed a voluntary petition under Chapter 11 of·the Bankruptcy Code (Code). Stramin has remained as a debtor in possession pursuant to Section 1102 of the Code. Stramin is a New York corporation having its principal office within New York City. The primary business of Stramin is exporting computers and related products to the Peoples Republic of China.

There is a dispute as to the stock ownership of Stramin. The debtor contends that Kit Kung is the sole shareholder of Stramin. Michael Morgan claims that he is the owner of some 67% of the outstanding shares of Stramin.

By summons and complaint dated January 20, 1984 Stramin commenced an adversary proceeding against Michael Morgan for a declaratory judgment determining that Morgan is neither a stockholder nor a creditor of Stramin.

By Notice of Motion and Affirmation filed on March 23, 1984 the plaintiff sought summary judgment in its favor.

By Notice of Motion dated February 3, 1984 Mr. Morgan sought to dismiss the debtor's Chapter 11 petition.

Morgan claims that as a 67% shareholder he was never notified of the debtor's intention to file a Chapter 11 petition, and therefore asserts that the Chapter 11 petition is a nullity.

Morgan contends that pursuant to a March 31, 1982 agreement with Mr. Kit Kung, Morgan was to become a 67% shareholder of Stramin. In consideration for the transfer of the Stramin shares, Morgan alleges that he invested $25,000 of his personal funds in Stramin and guaranteed a $92,000 loan that was made to Stramin.

Morgan also purports to have transferred 34% of his shares of Stramin pursuant to an agreement dated January 4, 1983 to Mr. Kit Kung in consideration for Kit Kung's investment of $100,000 in Stramin. Morgan asserts that Kit Kung never invested such sums, and therefore, the 34% transfer of shares to Kit Kung should revert to Morgan.

The debtor claims Morgan failed to advance the sums of money as required under the above described, March 31, 1982 and January 4, 1983 agreements. The debtor argues that because of Morgan's failure to perform under these two agreements, Morgan has no status as a shareholder of the debtor corporation.

Summary judgment is appropriate only when there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). Parties seeking summary judgment have the burden of demonstrating the absence of any material issues in dispute. *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 444, (2d Cir.1980). In determining whether to grant a summary judgment motion, the court must "resolve all doubts in favor of a party opposing the motion" *Heyman v. Commerce and Industry Co.*, 524 F.2d 1317, 1320 (2d Cir.1975).

A trial is required to resolve the material issues of fact underlying the question as to whether Michael Morgan is a shareholder.

The defendant's motion to dismiss the Chapter 11 petition is held in abeyance, since the outcome of the adversary proceeding may well be determinative of the motion to dismiss.

The motion for summary judgment is denied.

It is so ordered.